Argued September 19, affirmed September 30, petition
for review denied November 13, 1974

PHILLIPS, *Appellant, v.* HUDSON
HOUSE (No. 34-151), *Respondent.*

526 P2d 1042

*Warde H. Erwin,* Portland, argued the cause for appellant. On the briefs were Lawrence W. Erwin and Erwin, Lamb & Erwin, Portland.

*Merlin L. Miller,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

PER CURIAM.

In this workmen's compensation case claimant argues that her condition, insofar as it results from a compensable injury or injuries, is not stabilized and that she should be continued on temporary disability and receive further medical treatment, or, in the alternative, that if her condition is stable the award for permanent partial disability is insufficient. We agree with the hearing officer, Board and circuit court, all of whom held against her on both counts. The Board's order, which the record supports in all particulars, stated:

> "Claimant requests Board review claiming that her industrial injury is not medically stationary or, in the alternative if the claimant is medically stationary, that she is permanently totally disabled.
>
> "Claimant, a 51 year old cannery worker, received burns to fingers on her right hand while handling hot beans July 31, 1970. The burns healed and she went back to work in about a week and the claim was closed by the first Determination Order awarding 3° for partial loss of the right middle finger and 2° for partial loss of the right ring finger.
>
> "About a year later claimant consulted a doctor complaining of problems with her right hand. The doctor diagnosed the problem as a carpal tunnel syndrome and indicated that it was not necessarily caused by the burn but that it was industrially related. Since this new condition involved basically the same area, the claimant and the employer handled the two conditions under the one claim file originally filed for the burn on the fingers of July 31, 1970.

"After surgery for the carpal tunnel syndrome and further treatment the claim was again closed by Determination Order awarding 10% loss of the right forearm equal to 15°, in lieu of and not in addition to the first Determination Order which was for the burns to the fingers.

"* * * * *

"After careful review of the transcript of the hearing and of the briefs, the Board finds there was no stipulation that claimant's present com- plaints are medically related to the industrial in- juries. Whether or not claimant's present com- plaints are related to the industrial injury is, in fact, the matter at issue both at the hearing and on Board review.

"The claimant had substantial psychological problems before the industrial injury. The claimant has substantial psychological problems now. There is some medical evidence that the claimant may have a thoracic outlet compression. The Board finds there is no persuasive evidence either in the medical reports or the record that these conditions are causally connected to the industrial injury."

■■ Much of claimant's argument at all levels of appeal is to the effect that counsel for the employer stipulated at the commencement of the hearing before the hearing officer that all of claimant's problems, physical and mental, were caused by compensable injury or injuries. We do not so read the record. When the second closing order was entered it made an award to claimant of "10% loss of the right forearm equal to 15°, in lieu of and not in addition to" the award granted on December 1, 1970. When claimant, being dissatisfied with this award, asked for a hearing the burden was upon her to prove by a preponderance of the evidence that any additional disabilities from which she was suffering were caused by compensable

injuries to her right hand. As we interpret the record employer's counsel conceded nothing as to these issues but stated:

> "* * * [W]e're not contesting compensability of this claim at all. It's been accepted and treatment has been provided. But the issues of whether or not the claimant is stationary and the extent of disability, of course, we are contesting."

If there was any ambiguity in this statement it was resolved when the employer's counsel added:

> "I think, on the basis of the medical reports, there is no indication she has any greater disability than the 10 per cent that has been awarded."

And the hearing officer then stated that there were two issues on which the claimant had to present evidence: (1) was her condition stationary, and (2) was the disability award of 15 degrees adequate.

Affirmed.